

U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT
APR 14 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GARY W. ALEXANDER | CIVIL ACTION NO: 09-2081 |
| VERSUS | JUDGE DONALD E. WALTER |
| 64 DEVELOPMENT, LP ET AL | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM ORDER

Before the Court is a Motion to Remand this action to the First Judicial District Court, Caddo Parish, Louisiana, filed by Plaintiff, Gary W. Alexander ("Alexander"). [Rec. Doc. #13].

This Court has reviewed the Opposition [Rec. Doc. #16] as well as the relevant case law on the rule of unanimity. In order to comply with the removal requirements set forth in 28 U.S.C. § 1446, all served defendants must join in the notice of removal or file written consent to removal "no later than thirty days from the date on which the first defendant was served." *Getty Oil v. Ins. Co. of N. America*, 841 F.2d 1254, 1262-63 (5th Cir.1988); *Killen v. Atlantic Paper & Foil, LLC.*, 2007 WL 4299990, *1 (W.D.La.), citing *Farias v. Bexar County Board of Trustees*, 925 F.2d 866, 871 (5th Cir.1991); *Riles v. Stevens Transport, Inc.*, 2006 WL 3843029, *1 (W.D.La.).

On December 8, 2009, Defendant 64 Development, LP ("64 Development"), a citizen of Texas, removed this action to the United States District Court for the Western District of Louisiana. [Rec. Doc. #1]. In its Motion for Removal, 64 Development concedes that it did not obtain the consent of its co-defendant John Logue, also a citizen of Texas. [Rec. Doc. #1 at 2]. The Plaintiff argues that since all of the Defendants did not consent to removal then removal is defective and this action must be remanded. [Rec. Doc. #13 at 1]. Defendant counters that since

the State Court record did not reveal that John Logue had been served then his consent to removal was unnecessary and consequently removal was proper. [Rec. Doc. #16 at 3-4].

This Court recognizes that under Louisiana law John Logue was properly served under the long-arm statute the moment that the citation and petition were mailed via certified mail. *See* LA. REV. STAT. ANN. 13:3204. However, the State Court record only reveals that at the time of removal the only affidavit attesting to service was the one regarding 64 Development. [Rec. Doc. #1-4].

Federal jurisprudence, though scarce on the subject, accepts that knowledge of service from the State Court record is essential to the defendant's requirement to gain consent for removal from other served defendants. *See Driscoll v. Burlington-Bristol Bridge Co.*, 82 F. Supp. 975, 984 (D. N.J. 1949), *Hopper v. Kmart Corp.*, 2006 WL 3043112 (D. Or. 2006). Relying on the State Court record, 64 Development had no knowledge that fellow defendant John Logue was served at the time of removal. Therefore, John Logue's consent was unnecessary. As such, removal was not defective and this Court retains diversity jurisdiction.

Upon due consideration, **IT IS ORDERED** that Plaintiffs' Motion to Remand [Rec. Doc. #13] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this 14 day of April, 2010.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE